# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **MARTY HEBERT** | **CIVIL ACTION NO. 6:17-cv-1620** |
| **VS.** | **SECTION P** |
| | **UNASSIGNED DISTRICT JUDGE** |
| **STATE OF LOUISIANA** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Pro se petitioner Marty Hebert, an inmate at the Louisiana State Penitentiary, filed the instant petition for writ of mandamus on December 11, 2017. Petitioner asks this Court to order the Sixteenth Judicial District Court for the Parish of St. Mary to provide him with a copy of grand jury testimony.

### *Law and Analysis*

Petitioner is advised – federal courts may not interfere with the state courts' application of state law. *cf. Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir.1986) ("We do not sit as a 'super' state supreme court. (citation omitted) Consequently, we decide ... issues only to the extent that federal constitutional issues are implicated and we refuse to act as an arm of the [state court of appeals]..."). Contrary to petitioner's mistaken belief, this court holds no supervisory power over state judicial proceedings and may intervene only to correct errors of constitutional dimensions. *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1982).

Further, to the extent that petitioner seeks to invoke the federal *mandamus* jurisdiction of this court, such a claim is likewise subject to dismissal.  Title 28 U.S.C. § 1361 provides in pertinent part,  "[D]istrict courts ...  have original jurisdiction of any action in the nature of mandamus <u>to compel an officer or employee of the United States or any agency thereof</u> to perform a duty owed to the plaintiff."  (emphasis supplied) Neither the Sixteenth Judicial District Court nor the St. Mary Parish District Attorney nor the State of Louisiana are "officers or employees of the United States."  Plaintiff is clearly not entitled to federal *mandamus* relief.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** the instant petition for writ of mandamus be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of

filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Lafayette, Louisiana, March 12, 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

3